UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

FRED JAY SKOLNICK,

                           Petitioner,

                                      <u>ORDER</u>

          - against -

                                      CV 2013-4694 (WFK)(MDG)

ANDREA WAINER,

                           Respondent.

- - - - - - - - - - - - - - - - - -X

      Fred Jay Skolnick commenced this action on August 21, 2013, seeking relief pursuant to the Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention"), and the International Child Abduction Remedies Act ("ICARA") for the removal of his five children from Singapore by respondent, Andrea Wainer, his wife, claiming that the removal violated the Hague Convention.  Petitioner asserts that this Court has jurisdiction pursuant to 42 U.S.C. § 11603(a) and (b), since "Petitioner and Respondent jointly own residential property in this judicial district and . . . the children that are the subject of this action were transported into the United States through airports located in . . . Queens, New York."  <u>See</u> Petition (ct. doc. 1) at 2.

      At a conference on September 3, 2013, this Court reiterated concern that the action was not properly brought in this Court in light of available evidence that the children of the parties have been residing in Connecticut since before the commencement of the action.  This Court ordered expedited discovery on the issue of

the location of the children and briefing on whether the action should be transferred to the District of Connecticut.  Respondent filed a notice in which she moved for a change of venue, pointing to a draft stipulation for transfer of the action to which petitioner's counsel had agreed.  See Letter Mot. (ct. doc. 20); Stip. (ct. doc. 19).  Petitioner filed a letter motion to change venue on September 17, 2013, but did not indicate that he would sign the draft stipulation.  See Mot. (ct. doc. 23).

Although it appears that both sides agree to transfer this action, this Court discusses herein whether there is authority to do so in this case.[1]

---

[1] Courts disagree on whether motions to transfer are within the pretrial reference authority of magistrate judges, but most district courts in the Second Circuit have found that they are. See, e.g., Plastic Suppliers, Inc. v. Cenveo Inc., No. 10-cv-512, 2011 WL 196887, at *2 n.6 (N.D.N.Y. Jan. 20, 2011) ("venue transfer is a non-dispositive matter"); Lu v. Lu, No. 04-cr-1097, 2007 WL 2693845, at *2 & n. 3 (E.D.N.Y. Sept. 12, 2007) (same); Williams Advanced Materials, Inc. v. Target Tech. Co., No. 03-cv-267, 2007 WL 2245886, at *3 (W.D.N.Y. Aug. 1, 2007) ("An order to change venue is a non-dispositive order that is reviewed under a 'clearly erroneous or contrary to law' standard"); Myers v. Doe, No. 04-cv-270, 2006 WL 3392692, at *2 n.2 (N.D.N.Y. Nov. 22, 2006) (same); Shenker v. Murasky, No. 95-cv-4692, 1996 WL 650974, at *1 (same); but see Cott Corp. v. Decas Botanical Synergies, LLC, No. 11-cv-552, 2011 WL 9082627, at *4 (W.D.N.Y. Dec. 23, 2011) (motion to transfer venue is "essentially dispositive as to this Court").  I agree with the majority view, since the Second Circuit "has repeatedly held that transfer orders are not appealable because they are interlocutory rather than final orders." Cruz v. Ridge, 383 F.3d 62, 64 (2d Cir. 2994) (citations omitted).  After conferring with the Honorable William F. Kuntz, I am issuing this order rather than a report and recommendation.

DISCUSSION

Although the Hague Convention is self-executing in some respects, Congress enacted ICARA to establish procedures for implementation of the Convention in the United States. See Ozaltin v. Ozaltin, 708 F.3d 355, 359-60 (2d Cir. 2013). ICARA provides that a "person seeking to initiate judicial proceedings under the Convention for the return of a child . . . may . . . commenc[e] a civil action by filing a petition for the relief sought in any court which has jurisdiction of such action *and* which is authorized to exercise its jurisdiction in the place where the child is located at the time the petition is filed." 42 U.S.C. § 11603(b) (emphasis added).  "Located" under ICARA does not require a showing of residency but contemplates the place where the abducted children are discovered. See Lops v. Lops, 140 F.3d 927, 937 (11th Cir. 1998) (interpreting 42 U.S.C. § 11603(b)); see also Holder v. Holder, 305 F.3d 854, 869 n.5 (9th Cir. 2002) (approving this "common-sense" definition in the ICARA and Hague Convention context, "concerned as they are with the Hague Convention's consistent application across borders").

In applying this clause of § 11603(b), federal courts have dismissed ICARA petitions where children were not located in the jurisdiction of the court at the time the petition was filed. See, e.g., Olanques v. Kousharian, 177 Fed. App'x 537, 538 (9th Cir. 2006) (determining that the district properly dismissed an ICARA claim for lack of jurisdiction because the children were not within that district at the time the petition was filed);

-3-

Diorinou v. Mezitis, 132 F. Supp. 2d 139, 145-46 (S.D.N.Y. 2000) (confirming its prior conclusion that the district court had no jurisdiction over the ICARA petition because the child was not in the jurisdiction at the time the petition was filed); see also Espinoza v. Mattoon, 2009 WL 1919297 (W.D. Wash. June 30, 2009) (sua sponte dismissing, for lack of subject matter jurisdiction, an ICARA petition brought in a jurisdiction where the child was not located).  Although these courts treated dismissal under § 11603(b) to be "jurisdictional" in nature, some have referred to the provision as concerning venue.  See, e.g., Saldivar v. Rodela, 879 F. Supp. 2d 601, 613 (W.D. Tex. 2012) (interpreting § 11603(b) to be a venue provision, and finding that venue was proper where the child was located in the district when the petition was filed"); East Sussex Children Servs. v. Morris, No. 12-cv-141, 2013 WL 704660, at *1 (N.D.W. Va. Feb. 27, 2013) ("Venue is appropriate because ICARA provides that a Hague Convention petitioner can bring [such an] action only in the place where the child is located.").

The Second Circuit has not addressed the issue of whether the requirements in § 11603(b) implicates jurisdictional or venue concerns.  This Court need not resolve this often complex issue in light of the general agreement of both parties to continue this litigation in Connecticut.[2]  District courts may, in cases

_____

[2] Although venue and subject matter jurisdiction are very different concepts, confusion may arise "when a statute that is designated to control venue uses language that is appropriate,

(continued...)

where they lack subject matter or personal jurisdiction, or proper venue, transfer a case "in the interest of justice."  <u>See</u> 28 U.S.C. §§ 1404, 1406, 1631;[3] <u>see also</u> <u>SongByrd, Inc. v. Estate of Grossman</u>, 206 F.3d 172, 179 n.9 (2d Cir. 2000) (stating that a district court lacking both personal jurisdiction and proper venue could transfer a case to a district where both defects were avoided, with the transfer authority derived from either section § 1406(a) or § 1404(a), and commenting that § 1631 may only authorize transfer for lack of subject matter jurisdiction).

Here, both parties have consented to transferring the action to the District of Connecticut, and no evidence has been presented demonstrating that the children were in the Eastern

---

[2](...continued)
indeed more appropriate for jurisdiction."  Wright & Miller, 14D Federal Practice and Procedure: Jurisdiction 3d § 3801 at 10-12 (2007); <u>cf.</u> <u>City of New York v. Mikalis Pawn Shop, LLC</u>, 645 F.3d 114, 125-26 (2d Cir. 2011) (reviewing Supreme Court case law and noting that there must be a "clear" indication by Congress before a court "may recognize a statute as being jurisdictional").

[3] 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

28 U.S.C. § 1631 provides that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . ."

District of New York when the petition was filed.  On the
contrary, the respondent states in her affidavit that on or
before August 21, 2013, the five children were enrolled in the
Greenwich Public School system, and that she has been living in
Connecticut since July 28, 2013.  Finally, both parties have
expressed their desire for prompt adjudication of their custody
dispute.  To be sure, the goal of the Hague Convention in
securing "the prompt return of children wrongfully removed to or
retained in any contracting state" makes prompt adjudication of
this matter in the appropriate court critical.  See Abbott v.
Abbott, 130 S. Ct. 1983, 1989 (2010) (discussing the purpose of
the Hague Convention and ICARA); Hoffman v. Sender, 716 F.3d 282,
285, 290 (2d Cir. 2013) (same).

     Given the importance of speedy adjudication of the claim in
this action and the consent of both parties to the transfer to a
court authorized to hear this case, this Court finds that
transfer to the District of Connecticut is in the interests of
justice, without deciding whether § 11603(b) refers to
jurisdiction or venue.  See In re Ski Train Fire in Kaprun,
Austria on Nov. 11, 2000, 257 F. Supp. 2d 717, 733 (S.D.N.Y.
2003) (stating that where a party relies on §§ 1404, 1406, or
1631 for authorization to transfer an action to a different
district, "only one inquiry is necessary: whether the 'interests
of justice' require transfer or dismissal.").

<u>CONCLUSION</u>

For the foregoing reasons, the Court orders that this action is transferred to the District of Connecticut.  The Court also stays the transfer of this action for three days so that parties may lodge any objections, notwithstanding their prior stated consent.  If there are no objections within that time, the Clerk of Court is directed to transfer this case to the District Court for the District of Connecticut.


**SO ORDERED.**

Dated:      Brooklyn, New York
            September 20, 2013

                                    /s/_____
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE